An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL FINNUCCI, AN INDIVIDUAL,
Appellant,
vs.
FIRST 100, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 63645

**FILED**

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court judgment granting a writ of restitution in an unlawful detainer action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant Michael Finnucci resided in a home that was sold at a homeowners' association foreclosure sale. Respondent First 100, LLC purchased the property at the foreclosure sale and brought the underlying action to evict Finnucci from the property. Finnucci defended, alleging, among other things, that he was, through a trust, a part owner of the property and that various defects existed with the foreclosure sale that precluded First 100 from asserting ownership of the property. First 100 countered that Finnucci could not show ownership of the property because Finnucci disclaimed any interest in the property and any interest in a trust in a bankruptcy pleading. The district court found in favor of First 100 and issued a writ of restitution, concluding that Finnucci did not provide sufficient evidence that he was the owner of the property through the trust, and accepting the representations that Finnucci made to the bankruptcy court that he was not the owner of the property and did not

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15488

have an interest in a trust, despite Finnucci's assertions to the contrary in the present litigation. Finnucci timely appealed.

In barring Finnucci from asserting an ownership interest in the property based on his prior bankruptcy pleadings that disclaimed such an interest, the district court applied judicial estoppel. We review the district court's application of judicial estoppel de novo. NOLM, LLC v. Cnty. of Clark, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004). Judicial estoppel applies where

> (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.

*Id.* (quotation marks omitted). In this case, Finnucci took two inconsistent positions, that he owned property and an interest in a trust and that he did not; the latter position was taken in his bankruptcy pleadings, where he had an "affirmative duty to disclose all assets," *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) (quotation marks omitted); and Finnucci was successful in asserting that position when the Bankruptcy court discharged his debts. *Id.* at 784 ("[A] discharge of debt by a bankruptcy court . . . is sufficient acceptance to provide a basis for judicial estoppel . . . ."). As to the ignorance, fraud, or mistake prong, Finnucci testified that he omitted listing an ownership interest in the property or the trust on the advice of his attorney. He offered no testimony or evidence, however, regarding how his failure to list the property or trust as an asset in bankruptcy was inadvertent, a mistake, or

the result of fraud. Accordingly, we conclude that First 100 has met the elements of judicial estoppel, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Ronald J. Israel, District Judge
       Michael Finnucci
       Holley, Driggs, Walch, Puzey & Thompson/Las Vegas
       Eighth District Court Clerk

---

[1]We have considered appellant's other arguments and conclude that they lack merit.

Finnucci filed a civil pro se transcript form on January 3, 2014. Some of the transcripts that Finnucci requested are already in the record, and as review of the other transcripts is not necessary to resolving this appeal, we decline to order any additional transcripts. NRAP 11(a)(2).